```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

STANLEY M. SCHWARTZ,           §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:07-CV-0978-D
VS.                            §
                               §
INTERNATIONAL FEDERATION OF    §
PROFESSIONAL AND TECHNICAL     §
ENGINEERS, AFL-CIO, CLC (IFPTE),§
et al.,                        §
                               §
            Defendants.        §
```

MEMORANDUM OPINION
AND ORDER

Plaintiff Stanley M. Schwartz ("Schwartz") moves the court for reconsideration of its memorandum opinion and order in *Schwartz v. International Federation of Professional and Technical Engineers, AFL-CIO, CLC (IFPTE)*, 2007 WL 3196347 (N.D. Tex. Oct. 31, 2007) (Fitzwater, J.) ("*Schwartz II*"), and to alter or amend the judgment. The court denies the motion.[1]

I

The relevant background facts and procedural history are set out in *Schwartz II* and need not be repeated. *Id.* at *1-*2. Schwartz seeks relief from the court's decision, focusing on the

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

claim that emails that defendant Christopher L. Williams ("Williams") sent him on June 15 and 20, 2005 do not fall within the scope of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et seq*. He also asks the court to consider new evidence that shows that the U.S. Office of Special Counsel ("OSC") did not consider the June 15, 2005 email to fall within the purview of the CSRA.

II

Schwartz maintains that the CSRA does not completely preempt his state-law claim for intentional infliction of emotional distress to the extent it is premised on Williams' June 15 and 20, 2005 emails to him.

> [A] [m]otion[ ] . . . to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. [It] cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, [it] cannot be used to argue a case under a new legal theory.

*Dial One of the Mid-South, Inc. v. BellSouth Telecomms., Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) (internal quotation marks omitted) (addressing motion for reconsideration that circuit court treated as Rule 60(b) motion).

The court did not commit a manifest error of law or fact in holding that Williams' conduct in sending the emails fell within the scope of the CSRA. In *Schwartz II* the court reasoned, in

relevant part:

> Schwartz alleges that, apart from the formal grievances and office space incident, Williams attempted to make his life difficult through harassing emails and turning the other ALJs against him. This would contravene the merit system principle of fair and equitable treatment of all employees. This treatment led to a significant change in Schwartz's working conditions. As Schwartz recognizes, the alleged harassment caused him to resign as Chief Judge.

*Schwartz II*, 2007 WL 3196347, at *9. Because this conduct "contravene[d] the merit system principle of fair and equitable treatment of all employees," *id.*, Schwartz had a remedy under the CSRA, *see id.* at *8-*9. 5 U.S.C. § 2301(b)(2) guarantees that "all employees . . . should receive fair and equitable treatment without regard to political affiliation, race, color, religion, national origin, sex, marital status, age or handicapping condition, and with proper regard for their privacy and constitutional rights." *Id.* at *8 (quoting 5 U.S.C. § 2301(b)(2)).

Schwartz maintains that the highly offensive and personal nature of the statements in Williams' emails—particularly to a Jewish person—amounts to more than conduct that falls within the purview of the CSRA. He complains that the court's use of the terms "sharp" and "dictator," when discussing the emails, mischaracterizes the odiousness of the emails and, in turn, improperly characterizes their content as falling within the aegis of the CSRA. But it is not the highly offensive and personal

nature of the emails that controls. Instead, what is determinative is the fact that the emails were sent within the context of a labor dispute, in connection with a grievance filed against Schwartz in his capacity as a federal employee, and that Williams was responding to Schwartz's defense of his actions as an employee. As the court wrote in *Schwartz II*:

> The allegations of the grievance, if true, would have established that Schwartz had engaged in criminal conduct, and would have given the MSPB grounds to remove him as an ALJ. When Schwartz published a defense of his actions, Williams responded with a sharp email that compared Schwartz to a dictator and offended Schwartz.

*Schwartz II*, 2007 WL 3196347, at *2. The context in which the emails were written shows that they relate to Schwartz's role as a federal employee (Chief Judge),[2] and that he was therefore entitled under the CSRA to fair and equitable treatment. And as the court explained in *Schwartz II*, "Williams['] attempt[s] to make his life difficult through harassing emails and turning the other ALJs against him . . . would contravene the merit system principle of fair and equitable treatment of all employees." *Id.* at *9. In other words, Schwartz had a remedy under the CSRA for this conduct, including the emails.

---

[2]It is irrelevant that, as Schwartz points out in his motion, he had by then stepped down as Chief Judge. His conduct and role as Chief Judge were clearly the impetus for the labor dispute and grievance.

III

Schwartz also asks the court to consider evidence concerning OSC's disposition of the complaint he filed concerning the June 15, 2005 email. He maintains that OSC's disposition shows that it did not consider the contents of the June 15 email to fall within the purview of the protections afforded by the CSRA.

Even if the court opts now to consider materials outside the allegations of Schwartz's state court petition,[3] the documents do not alter the court's reasoning. According to OCS's January 18, 2006 response, it understood Schwartz's complaint about Williams' June 15, 2005 email to be "that the content and tone of Judge Williams' message evidences conduct prejudicial *to the government* as well as misuse of *government* equipment." P. Mot. Ex. C. at 1 (emphasis added). OSC concluded that Schwartz had not "identified *a personnel action* for which we have jurisdiction to investigate." *Id.* (emphasis added). This court's opinion in *Schwartz II* does identify a personnel action, however, and explains why Schwartz had a remedy under the CSRA. *Schwartz II*, 2007 WL 3196347, at *7-*9 (holding that Williams and Donald J. Willy, as official union representatives, were recommending a personnel action within the meaning of the CSRA by filing grievances that, if successful, would have resulted in adverse personnel action against Schwartz), and *9

---

[3]The court's decision in this case was based on defendants' motions to dismiss and for judgment on the pleadings.

(without explicitly using the term "personnel action," concluding that Williams' attempts to make Schwartz's life difficult through harassing emails and turning the other ALJs against him was prohibited personnel action that contravened the merit system principle of fair and equitable treatment of all employees, because the treatment led to a significant change in Schwartz's working conditions and caused him to resign as Chief Judge). The fact that Schwartz did not identify a personnel action when he complained to OCS undercuts his reliance on OCS's response to contend that it recognized that he lacked a remedy under the CSRA. Accordingly, even after considering these materials, the court concludes that they do not provide a basis to alter its prior ruling.

\* \* \*

Accordingly, Schwartz's November 8, 2007 Rule 59(e) motion for reconsideration and to alter or amend the judgment is denied.

**SO ORDERED.**

January 29, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE